UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERMELL L. WILSON,<br><br>                    Plaintiff,<br><br>          -against-<br><br>RICHARD DAVIS TWU LOCAL 100<br>PRESIDENT; JOHN CHIARELLO TWU<br>LOCAL 100 SECRETARY TREASURER;<br>LYNWOOD WHICHARD TWU LOCAL 100<br>ADMINISTRATIVE VICE PRESIDENT;<br>LATONYA CRISP TWU LOCAL 100<br>RECORDING SECRETARY,<br><br>                    Defendants. | 24-CV-7207 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens, New York, brings this *pro se* action under the Court's

federal question jurisdiction, alleging that Defendants violated his federally protected rights.

Named as Defendants are Richard Davis, TWU Local 100 President; John Chiarello TWU Local

100 Secretary Treasurer; Lynwood Whichard TWU Local 100 Administrative Vice President;

Latonya Crisp TWU Local 100 Recording Secretary. Plaintiff provides addresses for all

Defendants in Brooklyn, New York. For the following reasons, this action is transferred to the

United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, a resident of Queens, in Queens County, New York, does not allege where the events underlying his claims arose. He does not plead the residence of any of the defendants, but he provides what appear to be work addresses for Defendants in Brooklyn, in Kings County, New York. Both Queens County and Kings County are located in the Eastern District of New York. 28 U.S.C. § 112. Because Plaintiff does not allege that the events underlying his claims occurred in this district, or that any defendant resides in this district, there is nothing in the complaint suggesting that venue is proper in this Court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff does not reside in this district, Defendants are employed in Brooklyn, New York, and it is reasonable to expect that all relevant documents and witnesses also would be there. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 9, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge