UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────────

№ 24-CV-7362 (RER) (CLP)

─────────────────────

JERMELL L. WILSON

VERSUS

TRANSPORTATION WORKERS UNION, LOCAL 100; RICHARD DAVIS AS PRESIDENT OF TWU LOCAL 100; JOHN CHIARELLO AS SECRETARY-TREASURER OF TWU LOCAL 100; LYNWOOD WHICHARD AS ADMINISTRATIVE VICE PRESIDENT OF TWU LOCAL 100; LATONYA CRISP AS RECORDING SECRETARY OF TWU LOCAL 100; AND THE NEW YORK CITY TRANSIT AUTHORITY

─────────────────────

**MEMORANDUM & ORDER**

─────────────────────

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff brings this action alleging that his employer disciplined him in violation of the governing collective bargaining agreement and that his union breached its duty of fair representation by encouraging him to sign a stipulation that led to his permanent demotion. Defendants have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). After carefully reviewing the record, and for the reasons set forth herein, the Court grants defendants' motions to dismiss the complaint.

## BACKGROUND

In September 2024, plaintiff Jermell Wilson ("Plaintiff" or "Wilson") filed a *pro se* form complaint in the U.S. District Court for the Southern District of New York. In only two sentences, Plaintiff alleged that his employer, the New York City Transit Authority

("NYCTA") unfairly disciplined and demoted him in violation of the governing collective bargaining agreement ("CBA"), and that his union, the Transport Workers Union of America, Local 100 ("TWU 100"), failed to properly represent him. (Complaint, ECF No. 1 ("Compl.") at 5). Plaintiff later clarified that the disciplining incident and demotion occurred in October 2001. (ECF No. 32 ("Pl.'s Opp'n") at 3). The case was transferred to this Court in October 2024. (ECF Nos. 6, 7). NYCTA filed its motion to dismiss on January 2, 2025, (ECF No. 19), and TWU 100 filed its motion to dismiss a few weeks later, (ECF No. 25). Plaintiff filed an affidavit in opposition on March 5, 2025, (ECF No. 32 ("Pl.'s Opp'n")), and NYCTA and TWU 100 filed their respective reply papers days later. (ECF No. 33 ("NYCTA Reply"); ECF No. 34 ("TWU Reply")).

## **LEGAL STANDARD**

A defendant may move to dismiss a civil action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Bare conclusory statements will not suffice. *Id.* at 681. When courts consider whether a complaint "states a plausible claim for relief," courts must accept all factual allegations stated in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 679; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

When a plaintiff is proceeding *pro se*, the court must liberally construe the complaint. *See Sause v. Bauer*, 585 U.S. 957, 960 (2018) (per curium). The court may therefore accept as true well pleaded factual allegations in his opposition to a motion to dismiss since it must hold a *pro se* complaint to less stringent standards than pleadings drafted by lawyers. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must also construe the *pro se* pleadings "as raising the strongest arguments they suggest." *Lovelace v. Wells Fargo Bank, NA*, 762 F. Supp 3d 186, 189 (E.D.N.Y. 2025) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)) (internal quotation marks omitted).

## **DISCUSSION**

I. Plaintiff May Not Bring a Hybrid § 301 Claim Because the LMRA and NLRA Do Not Cover "Public Employees"

Before an employee may sue his employer for breach of a collective bargaining agreement, he typically must "exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163, (1983) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965)) (citations omitted). If the employee's union is alleged to have failed in its duty to provide fair representation, then courts have permitted the employee to bring a "hybrid" suit in which he sues his employer under section 301 of the Labor Management Relations Act ("LMRA") and his union under the National Labor Relations Act ("NLRA"). *Id*. at 164–65 (collecting cases). However, neither the LMRA nor the NLRA apply to public employees. *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021) (per

curium) ("As the statute makes clear, however, public employees are not covered by the NLRA.") (citing 29 U.S.C. § 152(2), (3), (5) and collecting cases); *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curium) ("As the language of the LMRA makes plain, public employees are not covered by that statute.") (citing 29 U.S.C. § 152(2) and collecting cases). While New York public employees may make an analogous hybrid claim under New York State's Taylor Law, *see* N.Y. Civil Service Law §§ 200 et seq.; *Baker v. Bd. of Educ. of West Irondequoit Cent. Sch. Dist.*, 70 N.Y.2d 314, 320 (1987), Plaintiff here is time-barred from doing so, *Bledsoe v. New York City Transit Auth.*, No. 23-CV-00775 (HG) (JAM), 2024 WL 989845, at *6 (E.D.N.Y. Mar. 7, 2024) (citing *Malcolm v. Ass'n of Supervisors & Admins. of Rochester*, 831 F. App'x 1, 4 (2d Cir. 2020) (summary order) and N.Y. C.P.L.R. § 217(2)).

II.   <u>An Action Asserted Under New York State's Taylor Law Would Be Time-Barred</u>

Under the Taylor Law, New York public employees must bring a duty of fair representation action within four months of when they knew or should have known of the breach of the union's duty of fair representation. *Bledsoe*, 2024 WL 989845, at *6. Here, Plaintiff alleges that the violation took place in October 2001, nearly twenty-three years before this action was commenced. (Pl.'s Opp'n at 3). Plaintiff argues that the continuing violation doctrine applies to save his claim from the statute of limitations. (*Id.*) Plaintiff is mistaken. Courts have not applied the continuing violation doctrine to breach of collective bargaining agreement claims against an employer or breach of fair representation claims against a union.

This makes sense. The continuing violation doctrine is often applied to harassment and hostile work environment claims under anti-discrimination laws when a plaintiff has

4

demonstrated that an employer has committed a "constellation" of numerous wrongful acts that constitute one policy and practice of discriminatory behavior and at least one of those wrongful acts is within the statute of limitations. *King v. Aramark Servs. Inc.*, 96 F.4th 546, 559–60 (2d Cir. 2024) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 (2002)). It does not apply to single or "discrete" acts, such as a demotion. *See e.g., Sesay-Harrell v. N.Y.C. Dep't of Homeless Servs.*, No. 12-CV-925 (KPF), 2013 WL 6244158, at *11 (S.D.N.Y. Dec. 2, 2013) ("the continuing violation exception is inapplicable to Plaintiff's demotion claim.") (citing *LaBeach v. Nestle Co., Inc.*, 658 F. Supp. 676, 688 (S.D.N.Y. 1987)); *Hall v. USAir, Inc.*, No. CV-95-3944 (JBW), 1996 WL 705284, at *2 (E.D.N.Y. Nov. 25, 1996) (same). A plaintiff bringing a hybrid case against his employer and union must instead provide the court with an equitable reason provided by the state legislature for why the statute of limitations should be tolled. *See Schermerhorn v. Metro. Transp. Auth.*, 156 F.3d 351, 354 (2d Cir. 1998) ("As a rule . . . time limitations created by statute are not tolled in the absence of statutory authority. Courts may only construe provisions made by the Legislature creating exceptions or interruptions to the running of the time limited by statute. They may not themselves create such exceptions.") (quoting *King v. Chmielewski*, 76 N.Y.2d 182, 187 (1990)) (internal quotation marks and citations omitted). Plaintiff here has not done so. The Court therefore finds that Plaintiff's federal hybrid section 301 claim must be dismissed because the LMRA and the NLRA do not apply to public employees and that a claim based on New York State's Taylor Law would be untimely by more than twenty years.

The Second Circuit has, however, instructed district courts to provide a *pro se* plaintiff with "notice and [an] opportunity to be heard" before dismissing a complaint as time barred. *Goodman v. Local 804 Union of Int'l Bhd. of Teamsters*, No. 21-CV-4655 (AMD) (LB), 2022 WL 4586309, at *7 (E.D.N.Y. Sept. 29, 2022) (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). This Court therefore provides Plaintiff with fourteen (14) days after entry of this order to submit an amended complaint that alleges facts within the statute of limitations period or shows that his claims are timely because of equitable tolling.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** defendant NYCTA's motion to dismiss the complaint [19] and defendant TWU's motion to dismiss the complaint [25] under Federal Rule of Civil Procedure 12(b)(6).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within **fourteen (14) days** from the date of this order. *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order: No. 24-CV-7362 (RER) (CLP). The amended complaint will completely replace the original complaint. In the amended complaint, Plaintiff must provide a short and plain statement of the relevant and timely facts supporting each claim against each defendant. Such a statement should include what each defendant did or failed to do, the date or location for each relevant

event and the relief or remedy requested. The amended complaint must cure the deficiencies noted herein or it will be dismissed with prejudice.

SO ORDERED.

*Hon. Ramón E. Reyes, Jr.*
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.10.27 16:33:45 -04'00'

_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 27, 2025
      Brooklyn, NY